UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NICHOLAS SHEMENSKI,

    Plaintiff,

v.                                      Case No.:  2:22-cv-351-KCD

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT & RECOMMENDATION

Plaintiff Nicholas Shemenski requests a fee and cost award under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). (Doc. 21.)[1] The Commissioner does not object to the relief sought. The Court now grants the motion.

Earlier in this case, the Court entered an order (Doc. 19) reversing and remanding this action to the Commissioner for further administrative proceedings. Thus, under EAJA, Plaintiff moves for an award of $8,693.14 in attorney's fees.

For Plaintiff to receive a fee and cost award under the EAJA, these five conditions must be met: (1) Plaintiff must file a timely application for attorney's fees; (2) Plaintiff's net worth must have been less than $2 million

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

dollars when the complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). Considering the motion, and with no opposition, the Court finds all conditions of the EAJA have been met.

EAJA fees are determined under the "lodestar" method—the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The resulting fee carries a strong presumption of reasonableness. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992). After review of the services provided, the Court finds the 37 hours expended by counsel are reasonable. (Doc. 24 at 4.)

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Thus, determining the appropriate hourly rate is a two-step process. The Court first ascertains the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation and are not limited to

2

rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Plaintiff requests an hourly rate of $234.95. (Doc. 21 at 3). After review, this rate appears reasonable.

Plaintiff also filed an Attorney Fee Contract (Doc. 21-2.) It provides: "I hereby assign any court awarded EAJA attorneys fees and costs, for federal work only, to my attorney." (*Id.* at 1.) But it is acknowledged that after awarding EAJA fees, the Commissioner will determine whether Plaintiff owes a federal debt to the Government. If no debt is owed, the Government will accept Plaintiff's assignment of EAJA fees, and the fees will be paid directly to counsel. (Doc. 21 at 3.) Thus, the fees awarded should be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed by Plaintiff.

Accordingly, Plaintiff's Unopposed Petition for EAJA Fees (Doc. 21) should be **GRANTED** and fees of $8,693.14 awarded to Plaintiff. This award should be paid directly to Plaintiff's counsel if the United States Department of Treasury determines that no federal debt is owed by Plaintiff.

**Recommended** in Fort Myers, Florida on February 16, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.